IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KEITH ROGERS,
Petitioner,

v.  Civil No. 3:20cv375 (DJN)

JUSTIN ANDREWS,
Respondent.

**MEMORANDUM OPINION**

Petitioner Keith Rogers ("Petitioner"), a federal prisoner confined within the Bureau of Prisons ("BOP"), brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Petitioner challenges his institutional conviction for possession of drugs or alcohol. (ECF No. 1–1, at 1.)[1] Petitioner asserts that he was denied due process "because [he] did not receive the [Disciplinary Hearing Officer ("DHO")] report in [a] timely manner . . . ." (ECF No. 1, at 7.) Respondent moves to dismiss on the ground that Rogers's claim is moot as he now has been provided with the DHO Report. For the reasons stated below, the Motion to Dismiss (ECF No. 4) will be GRANTED.

**I.  PROCEDURAL HISTORY**

While confined in the Federal Correctional Institution Medium in Petersburg, Virginia, "[o]n December 2, 2019, Petitioner was issued an incident report charging him with violations of BOP disciplinary code 112 – use of drugs or alcohol – for conduct occurring on November 6, 2019." (ECF No. 5–1 ¶ 4.) Following a hearing before a DHO on January 16, 2020, Petitioner

---

[1]  The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling and punctuation in the quotations from the parties' submissions. The Court omits any secondary citations from the Declaration of Lisa Callis (ECF No. 5–1).

was found guilty of that offense. (*Id.* ¶¶ 8–10.) The DHO imposed the following sanctions: "(1) rescission of any parole board recommendation; (2) 4 months loss of email privileges; (3) 16 months loss of commissary privileges; and (4) 30 days of disciplinary segregation." (*Id.* ¶ 12.)

Nevertheless, "due to personnel shortages, resulting in a backlog of cases" the DHO report was not completed and signed until April 29, 2020. (*Id.* ¶ 14.) Furthermore, Petitioner did not receive a copy of the DHO report until June 30, 2020. (*Id.* ¶ 15.) At that time, Petitioner was notified "that he could appeal the DHO's findings through the BOP's Administrative Remedy Procedures within twenty calendar day of receiving the DHO report." (*Id.*) Thereafter, Petitioner "filed an administrative remedy request with the Mid-Atlantic Regional Director's Office regarding the DHO report at issue here." (*Id.* ¶ 19.) As of August 25, 2020, "Petitioner has not exhausted his administrative remedies, as he has not appealed his administrative remedy request to the Central Office of the BOP . . . ." (*Id.*)

Meanwhile, on May 27, 2020, Petitioner filed his § 2241 Petition complaining that he failed to receive the DHO report.

## II. ANALYSIS

"Because [Petitioner] did eventually receive a copy of the DHO report, this aspect of his claim is moot." *Smith v. Andrews*, 2020 WL 6386862, at *2 (E.D. Va. Oct. 30, 2020) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

Furthermore, Petitioner suggests that the BOP violated his rights, because it failed to provide him with the DHO report in the time required by BOP rules.[2] BOP Program Statement

---

[2] In one portion of Petitioner's § 2241, he complains: "The institution's failure to provide me with a copy of the DHO report within the time frame specified by policy amount[s] to a violation of my right to due process." (ECF No. 1, at 2.)

2

5270.09 states that "[t]he DHO prepares a record of the proceedings. The evidence, decision, and reasons for actions taken must be specific, unless this would jeopardize security. The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." BOP Program Statement 5270.09, at 34.[3] As this Court has previously noted, the failure to abide by this provision does not provide a basis for federal habeas relief. *Shahan v. Ormond*, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (observing that "any time requirements for the delivery of the DHO's report, and BOP Program Statement 5270.09 is only advisory . . . ."). While BOP staff may have "violated BOP Program Statement 5270.09 by failing to provide him with a copy of the DHO Report within the advisory fifteen-day period, the BOP's failure to abide by internal directives of this ilk does not give rise to a claim for habeas relief." *Id.* (citing *Mendoza v. Tamez*, 451 F. App'x 715, 717–18 (10th Cir. 2011); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991)).

Furthermore, generously construing Petitioner's § 2241 Petition as raising a general due process claim regarding his delayed receipt of the DHO Report, such a claim also fails. "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (citation omitted). In the context of an inmate's delayed receipt of the DHO's report, courts have held that inmates do not suffer any prejudice when they receive the DHO's report months after the hearing, and that such a multi-month delay does not constitute a due process violation. *See, e.g., Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016) (concluding that there was no due process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the

---

[3] BOP Program Statement 5270.09 is available at https://www.bop.gov/policy/progstat/5270_009.pdf. (last visited Dec. 29, 2020).

eighteen-month delay, [and] he had received the process he was due under *Wolff*"); *Staples v. Chester*, 370 F. App'x 925, 929–30 (10th Cir. 2010) ("Assuming without deciding that a copy of the report was required [to be included with the administrative appeal], [the Tenth Circuit did] not conclude that the approximate eight-month delay in the DHO's tender of the copy to [the inmate] prejudiced his ability to bring an administrative appeal or rendered such an appeal futile."); *Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) ("[E]ven if [the inmate] did not receive the DHO's written report within 10 days . . . the delay had no prejudicial effect on [the inmate's] administrative appeal and thus does not provide a basis for habeas relief."). Accordingly, the delay that Petitioner complains of does not give rise to a due process claim.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 4) will be GRANTED. Petitioner's claims will be DISMISSED and his § 2241 Petition will be DENIED. The action will be DISMISSED.

An appropriate order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

                                                  /s/
                                     David J. Novak
                                     United States District Judge

Richmond, Virginia
Dated: February 3, 2021